By the Court.—Sedgwick, Ch. J.
There was testimony in the case which would uphold a verdict, that the following facts existed: The defendant employed the plaintiff as a broker to find a person who would buy or exchange real estate for real estate that was specified. At the time of the employment, the latter real estate was owned by the defendant. The plaintiff found Mr. Spaulding, who, he believed, would finally make a bargain with defendant. The defendant said to the plaintiff, “Any trade you make for me I will pay you full commissions, the usual commission.” He asked who the plaintiff’s principal was. He wanted the plaintiff to tell him who the principal was and he would attend to the balance himself ; he would attend to it, and pay the plaintiff full commissions. The plaintiff introduced Mr. Spaulding to the defendant. Afterward, the defendant and Mr. Spaulding carried on negotiations as to the exchange, which, up to a certain point, did not result in an agreement. The plaintiff took no part in them. The defendant met the plaintiff and said to him, “ Oh, I will have no more to do with that— you cannot make a trade—won’t touch it at all—won’t have anything to do with it.” During much of the negotiation between Mr. Spaulding and defendant, the son of the defendant was present. At the point referred to, tho defendant, while his son was present, said to Mr. Spaulding, “It is all off. I cannot make a trade.” A clay or two afterwards, the defendant and his son went to the house of Mr. Spaulding. The defendant then said that he had given his property to his son, and if Mr. Spaulding “was maldng any deal, I should make it with his son.” *152 At once negotiations as to an exchange proceeded, in which the defendant actively participated. A conclusion was reached that night. The contract for the purchase was drawn by the defendant.
Undoubtedly, if the contract had been made while the property remained in the defendant, he would have been liable for the commission of plaintiff. Now, was it an impossible thing that the defendant should be bound by a promise to pay commissions to plaintiff, if the latter should find a person willing to take the property in exchange, the defendant not being, nor ever having been an owner of the property, the defendant undertaking to carry on the negotiations with the person found by the plaintiff ? To sustain a contract a consideration need not be a benefit to the promisor, and it is sufficient if it be a detriment or some expense to the promisee. If such were the nature of the contract, it would be immaterial that, having been owner, the defendant, in the course of the negotiations that finally led to the exchange, gave the property to another. The condition would be complied with ; the plaintiff would have found a person that through the negotiation of defendant, exchanged finally property for the property described in the contract of employment.
The fact of the defendant giving the property to his son, did not incontrovertibly prove that an exchange while in the hands of the son was not such as was contemplated by the contract of employment. It may have been within the intention of the defendant, besides giving the property to the son, to procure for him, through the efforts of the plaintiff, the additional advantage of having an opportunity to make a profitable exchange.
There was enough evidence, under the views that have been expressed, to take the case to the jury. The court was not in error in refusing to dismiss the complaint.
The counsel for defendant excepted to that part of the charge of the court which submitted to the jury whetherthe plaintiff found a purchaser for the property of the defend *153 ant, because the undisputed evidence of Mr. Spaulding and of the defendant and his son was that they declared the contract off. The exception does not seem to have been well taken, for, whatever the declarations of these gentlemen may have been, the statement of fact shows that the jury could have found that the negotiations went on unbroken, as substantially carried on by the defendant, until the final exchange.
The following exceptions should be considered. One was to a refusal to charge that if the deed to the defendant’s son was executed and delivered to him on May 13, and no previous agreement had been made, meaning undoubtedly no agreement for an exchange, plaintiff cannot recover. If what has been said as to the liability of the defendant not depending upon his having remained owner, if the contract of employment did not contemplate " that he should, be correct, the court was right in refusing the request.
The same is true of another request, that unless the jury find that the transfer to defendant’s son was a device or trick, their verdict cannot be for defendant. The defendant may have contracted to be bound for the finding of a person willing to exchange for the said property conveyed to him by his father, bona fide.
The defendant’s exceptions as to the ruling of the court, in admitting or rejecting evidence have been particularly examined. Ho testimony injurious to defendant was improperly admitted, and none that would have been of advantage to him, was improperly excluded.
Judgment and order appealed from, affirmed, with costs.
Freedman, J., concurred.